UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN HAYES,<br>　　　　Plaintiff,<br>　　v.<br>VCOM SOLUTIONS, INC.,<br>　　　　Defendant. | Case No. 25-cv-02502-SI<br><br>**ORDER DENYING MOTION TO REMAND**<br>Re: Dkt. No. 15 |

Plaintiff filed a motion to remand after defendant's snap removal. Pursuant to Civil Local Rule 7-1(b), the Court determined that the motion is suitable for resolution without oral argument, and VACATED the May 2, 2025 hearing. For the reasons outlined below, the Court DENIES plaintiff's motion.

**BACKGROUND**

On Friday, March 7, 2025, plaintiff Justin Hayes filed a complaint against his former employer vCom Solutions, Inc. ("defendant") in the Contra Costa County Superior Court, asserting state law claims of racial discrimination, failure to prevent discrimination and retaliation, adverse employment action in violation of public policy, and invasion of privacy. Dkt. No. 1-3 ("Compl.") at 1. When plaintiff filed his action, the court did not provide or publish certain case documents required to effectuate service, including the Notice of Case Assignment. Dkt. No. 16-2 ("Williams Decl.") ¶ 4. On Monday, March 10, 2025, plaintiff's counsel left a message with the court clerk regarding the missing documents. *Id.* ¶ 5. Two days later, on Wednesday, March 12, 2025,

defendant removed this case to federal court based on diversity jurisdiction.[1] *Id.* ¶ 6; Dkt. No. 1 at 4-9. The next day, plaintiff's counsel connected with the state court clerk, who said there had been "a publishing error" and placed the required documents on the online system later that day. Williams Decl. ¶ 7. Plaintiff's counsel then emailed defendant's counsel to inquire whether they would acknowledge service. *Id.* ¶ 8. Defendant responded several days later, explaining that it did not believe service of the state court complaint was necessary post-removal. *Id.* ¶ 13; Dkt. No. 16-8.

On March 27, 2025, plaintiff filed this motion to remand the case to the Superior Court of Contra Costa County. Dkt. Nos. 15, 16.

## LEGAL STANDARD

The proponent of federal jurisdiction, typically the defendant, has the burden of establishing that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). When removal is based on diversity of citizenship, there must be complete diversity of citizenship and the amount in controversy requirement must be met. 28 U.S.C. § 1332.

There is a caveat to removal jurisdiction in diversity cases known as the "forum defendant rule." Section 1441(b)(2) of Title 28 of the United States Code provides:

> A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly *joined and served* as defendants is a citizen of the State in which such action is brought.

(Emphasis added.) "Snap removal," the procedural tactic at issue in this case, is "[t]he practice of circumventing application of the forum-defendant rule by removing before defendants are served." *Lam Sing v. Sunrise Senior Mgmt., Inc.*, No. C 23-00733 WHA, 2023 WL 3686251, at *3 (N.D. Cal. May 26, 2023).

---

[1] Plaintiff is a resident of Hawaii. Dkt. No. 16 at 4. Defendant is a California corporation with its principal place of business in California. Dkt. No. 1 at 5. The notice of removal contends the amount in controversy exceeds $75,000. *Id.* at 7-9.

**DISCUSSION**

In the absence of guidance from the Ninth Circuit,[2] courts in the Northern District of California generally permit snap removals, largely relying on the plain language of § 1441(b)(2). *See Republic Western Insurance Co. v. International Insurance Co.*, 765 F. Supp. 628, 629 (N.D. Cal. 1991); *City of Ann Arbor Employees' Retirement System v. Gecht*, No. C-06-7453EMC, 2007 WL 760568, at *8 (N.D. Cal. Mar. 9, 2007); *Regal Stone Ltd. v. Longs Drug Stores California, L.L.C.*, 881 F. Supp. 2d 1123, 1128 (N.D. Cal. 2012); *Loewen v. McDonnell*, No. 19-CV-00467-YGR, 2019 WL 2364413, at *9 (N.D. Cal. June 5, 2019). In *World Financial Group Insurance Agency v. Olson*, the court followed the district's majority view, but recognized this approach could "promote gamesmanship under certain circumstances." No. 19-CV-07670-LHK, 2024 WL 730356, at *5 (N.D. Cal. Feb. 22, 2024). Not every court in this district has allowed snap removals, however. *See In re Roundup Prods. Liab. Litig.*, No. 16-MD-02741-VC, 2019 WL 423129, at *1 (N.D. Cal. Feb. 1, 2019) (denying snap removal); *Whyte Monkee Prods. LLC v. Netflix, Inc.*, 730 F. Supp. 3d 947, 953 (N.D. Cal. 2024) (expressing skepticism about snap removal, but denying remand because the court had federal question and supplemental jurisdiction).

The three appellate courts to directly address this issue have held that snap removals are permissible. *See Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 152 (3d Cir. 2018); *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 705, 707 (2d Cir. 2019); *Texas Brine Co., L.L.C. v. Am. Arb. Ass'n, Inc.*, 955 F.3d 482, 486-87 (5th Cir. 2020). However, the Eleventh Circuit implied that snap removals may be inappropriate, and that a district court may undo defendant gamesmanship in the absence of plaintiff gamesmanship, largely relying on a purpose argument rather than a literal reading of the statute. *See Goodwin v. Reynolds*, 757 F.3d 1216, 1221 (11th Cir. 2014).

While the "properly joined and served" language of § 1441(b)(2) deters gamesmanship by plaintiffs, snap removals can "promote gamesmanship" by defendants. *World Fin. Grp. Ins. Agency*,

---

[2] While leaving a decision on snap removals open, the Ninth Circuit recently disallowed "super snap removals," where removal occurs before a county clerk endorses the filing and issues a summons. *Casola v. Dexcom, Inc.*, 98 F.4th 947, 965 (9th Cir. 2024).

2024 WL 730356, at *5. The purpose of removal based on diversity jurisdiction is to protect out-of-state defendants in state court from potential prejudices in favor of local litigants. *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 940 (9th Cir. 2006). However, when defendants are in-state residents, the need for protection from such prejudice is absent, and thus removal is inconsistent with the purpose of the forum defendant caveat to diversity jurisdiction. *See id.*

The Court finds plaintiff's purpose-based arguments thoughtful and well-reasoned. This case, involving an out-of-state plaintiff and a single, fast-acting in-state defendant, presents the most severe example of snap removal. Plaintiff filed his complaint on Friday, March 7, 2025, and defendant removed the following Wednesday, before plaintiff had received from the state court the documents necessary to serve his complaint. Williams Decl. ¶¶ 3-6. While defendant asserts otherwise, these circumstances suggest an element of gamesmanship in defendant's removal action.[3] *See* Dkt. No. 17 at 3.

Nonetheless, as this Court recently held in a separate case, the Court recognizes the importance of consistent holdings within the Northern District to provide clarity and predictability for litigants and holds that a fair reading of the plain language of § 1441(b)(2) allows snap removals. *See Adelaja v. Guillen*, No. 24-CV-08159-SI, 2025 WL 502050 (N.D. Cal. Feb. 14, 2025). To maintain in-district consistency, the Court DENIES plaintiff's motion to remand.

While most cases in this district dealing with snap removals involve multiple defendants, the fact that this case involves a single defendant does not change the result, even though it places that result in a harsher light. To be sure, one earlier opinion from this district held that the language "properly joined and served" anticipates multiple defendants and therefore snap removal does not apply where there is a single defendant, distinguishing district precedent with multiple defendants. *Tourigny v. Symantec Corp.*, 110 F. Supp. 3d 961, 964 (N.D. Cal. 2015). However, the Court will not follow the distinction made in *Tourigny* for two reasons. First, a subsequent opinion from this

---

[3] Snap removal benefits aggressive and technologically savvy defendants that have begun monitoring state court dockets and removing newly filed cases in the short time window between filing and service on forum defendants. § 96:22. Forum selection provisions, 8 Bus. & Com. Litig. Fed. Cts. § 96:22. (5th ed.).

4

district found *Tourigny* unpersuasive, in large part because *Tourigny* relied on a case from the Eastern District of Pennsylvania that the Third Circuit implicitly abrogated in *Encompass*. *See Glob. Indus. Inv. Ltd. v. Chung*, No. 19-CV-07670-LHK, 2020 WL 2027374, at *3 (N.D. Cal. Apr. 28, 2020). Second, if the "joined and served" language, interpreted literally, only applies to cases involving multiple defendants, the Court does not see why the entirety of the forum defendant rule in section 1441(b)(2), interpreted literally, should be read differently. And if read consistently, this interpretation would render the forum defendant rule applicable only to cases with multiple defendants and removal would always be proper in cases of a single in-state defendant. The Court does not read the statute as limiting the forum defendant rule in that manner, nor have other courts done so.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court DENIES plaintiff's motion to remand. Considering that different districts in this circuit have reached different consensus positions,[4] the Court hopes that the Ninth Circuit may have an opportunity to rule on the propriety of snap removals soon.

**IT IS SO ORDERED**.

Dated: May 2, 2025

SUSAN ILLSTON
United States District Judge

---

[4] For example, in the Central District of California, there is "strong consensus" to disallow snap removals because of the purpose of the forum defendant rule. *Black v. Monster Beverage Corp.*, No. EDCV1502203MWFDTB, 2016 WL 81474, at *3 (C.D. Cal. Jan. 7, 2016); *see also Deutsche Bank Nat'l Tr. Co. as Tr. for Am. Home Mortg. Inv. Tr. 2007-1 v. Old Republic Title Ins. Grp., Inc.*, 532 F. Supp. 3d 1004, 1010-11 (D. Nev. 2021) ["Judges in this District who have reached the question have uniformly held that 'snap removal' is improper under 28 U.S.C. § 1441(b)(2)."].